UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATIE CLIFFORD, <br><br>　　　　　　Plaintiff, <br><br>v. <br><br>DTG OPERATIONS, INC., dba DOLLAR RENT A CENTER <br><br>　　　　　　Defendant. | 2:09-cv-01848-LRH-LRL <br><br><br>ORDER |

Before the court is plaintiff Katie Clifford's ("Clifford") motion to strike documents number 8 through 25 included in exhibit 32 attached in support of defendant DTG Operations, Inc.'s ("DTG") motion for summary judgment (Doc. #19[1]). Doc. #25. DTG filed an opposition (Doc. #29) to which Clifford replied (Doc. #30).

**I.    Facts and Background**

This is an employment discrimination action. Clifford alleges that she was discriminated against, and ultimately terminated, by her employer DTG in violation of Title VII because she became pregnant during the course of her employment. *See* Doc. #1.

In response, DTG filed a motion for summary judgment. *See* Doc. #19. Thereafter, Clifford

---

[1] Refers to the court's docket number.

filed the present motion to strike pursuant to Federal Rule of Civil Procedure 37. Doc. #25.

**II.    Discussion**

Federal Rule of Civil Procedure 37 states in pertinent part that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . ., unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Here, discovery concluded on August 31, 2010. Doc. #25, Exhibit 1. On September 8, 2010, one week after the close of discovery, DTG produced seventeen (17) new documents that had not been previously disclosed during the course of discovery. *See* Doc. #19, Exhibit 32, Documents 8 through 25. The court has reviewed the documents at issue and finds that these documents, which are e-mails between Clifford's supervisors concerning her termination, are relevant to Clifford's claim of employment discrimination and should have been provided during the course of discovery pursuant to Rule 26(a) or (e). Therefore, the court finds that these documents are properly excludable under Rule 37(c)(1).

In opposition, DTG argues that the production of the late documents was both substantially justified and harmless because the late produced documents are wholly duplicative of other discovery produced in this litigation. However, DTG has not identified how these challenged documents are duplicative of other discovery. Further, the e-mails were in DTG's possession throughout discovery in this action and DTG has not argued that the documents were only discovered after the close of discovery. Therefore, the court finds that DTG has not made a sufficient showing that the failure to provide these documents during discovery was substantially justified or harmless. Accordingly, the court shall grant Clifford's motion to strike the aforementioned documents.

/ / /

/ / /

1  IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #25) is GRANTED.
2  The clerk of court shall STRIKE documents number 8 through 25 included in Exhibit 32 attached
3  in support of defendant's motion for summary judgment (Doc. #19).
4  IT IS SO ORDERED.
5  DATED this 22nd day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3