UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATIE CLIFFORD, | |
| Plaintiff, | 2:09-cv-01848-LRH-LRL |
| v. | ORDER |
| DTG OPERATIONS, INC., dba DOLLAR RENT A CENTER | |
| Defendant. | |

Before the court is defendant DTG Operations, Inc.'s ("DTG") motion for summary judgment. Doc. #19.[1] Plaintiff Katie Clifford ("Clifford") filed an opposition (Doc. #24) to which DTG replied (Doc. #28).

**I.    Facts and Background**

DTG is a rental car company headquartered in Tulsa, Oklahoma. DTG operates a series of rental car facilities under both the Dollar Rent a Car ("Dollar") and Thrifty Car Rental ("Thrifty") brands. In August 2005, Clifford was hired as a station manager for a Dollar facility in Las Vegas, Nevada. As a station manager, Clifford was responsible for understanding and following the various cash handling and accounting procedures of DTG.

---

[1] Refers to the court's docket number.

In July 2007, Clifford discovered that she was pregnant. On September 17, 2007, Clifford allegedly violated DTG's cash handling policies by failing to correctly deposit money at the end of her shift and leaving the money in an unlocked drawer. In October 2007, Clifford was terminated from her employment.

On September 19, 2009, Clifford filed a Title VII discrimination complaint against DTG. Doc. #1. Clifford alleges that she was discriminated against and ultimately terminated because of her pregnancy. *Id*. Thereafter, DTG filed the present motion for summary judgment. Doc. #19.

**II.    Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the

outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

Title VII prohibits employee discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). Through the Pregnancy Discrimination Act ("PDA"), found at 42 U.S.C. § 2000e(k), Congress clarified that Title VII's protection against sex discrimination includes pregnancy.

To prevail on her Title VII discrimination claim, Clifford must establish a prima facie case of discrimination by presenting evidence that "gives rise to an inference of unlawful discrimination." *Cordova v. State Farm Ins. Co.*, 124 F.3d 1145, 1148 (9th Cir. 1997); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff can establish a prima facie case of discrimination through the burden shifting framework set forth in *McDonnell Douglas*. *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007).

Under the *McDonnell Douglas* framework, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. To establish a prima facie case, the plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for her position and was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside of her protected class were treated more favorably. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (*citing Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000)); *see also, Bodett v. Coxcom,*

*Inc.*, 366 F.3d 736, 743 (9th Cir. 2004); *Orr v. Univ. Med. Ctr.*, 51 Fed. Appx. 277 ("An implicit part of the "qualification" requirement is that the plaintiff was performing her job satisfactorily).

If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. *McDonnell Douglas*, 411 U.S. at 802. If the defendant provides such a justification, the burden shifts back to the plaintiff to show that the defendant's justification is a mere pretext for discrimination. *Id.* at 804.

In its motion, DTG argues that it is entitled to summary judgment because there is no disputed issue of material fact that Clifford was not performing her job duties satisfactorily at the time of her termination. *See* Doc. #19. The court has reviewed the documents and pleadings on file in this matter and agrees. First, while employed with DTG, Clifford received declining employee performance evaluations.[2] Second, Clifford had a lengthy disciplinary history for violations of DTG's cash handling policies prior to her pregnancy.[3] Such a lengthy disciplinary record over the relevant time period is sufficient to establish that Clifford was not performing her job satisfactorily. *See Orr*, 51 Fed. Appx. 277, 277 (holding that a "lengthy disciplinary record is more than adequate evidence" to show that a plaintiff was not performing her job duties satisfactorily). Further, Clifford admits that she repeatedly violated the cash handling policies and made frequent mistakes. *See* Doc. #19, Exhibit 1, Clifford Depo., p.100:17-25. Finally, prior to her pregnancy, Clifford received a two (2) day suspension without pay which is the last step in DTG's progressive

---

[2] For the 2005 employment year, Clifford received a 2.8 out of 5 on her evaluation. Doc. #19, Exhibit 7. For the 2006 employment year, Clifford received a 2.6 out of 5. Doc. #19, Exhibit 8.

[3] Clifford's written disciplinary record is extensive. On May 26, 2006, she received a written warning for leaving cash in the unlocked drawer and failing to deliver manuals to mailbox storage in violation of company policy. Doc. #19, Exhibit 14. On January 31, 2007, she received another written warning for leaving the safe door unlocked and open with money inside. Doc. #19, Exhibit 15. On May 4, 2007, she received a warning for failing to fill out the cash deposit bag properly. Doc. #19, Exhibit 16. Finally, on June 6, 2007, Clifford received a two (2) day suspension without pay for failing to deliver the nightly deposit and leaving the deposit in an unlocked drawer. Doc. #19, Exhibit 17.

disciplinary system other than termination. Doc. #19, Exhibit 2. Therefore, based on the record before the court, the court finds that there are no disputed issues of material fact that Clifford was not performing her job duties satisfactorily at the time of her termination. Accordingly, the court shall grant DTG's motion for summary judgment.

    IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #19) is GRANTED.

    IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.

    IT IS SO ORDERED.

    DATED this 4th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE